Raymond E. Hane III, (SBN 149960)
E-mail:  rhane@bwslaw.com
Malaika L. Clements (SBN 251647)
E-mail:  mclements@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA  90071-2953
Tel:  213.236.0600 Fax:  213.236.2700

Attorneys for Defendant
SAM'S WEST, INC.

Stephen A. Ebner (SBN 108348)
LAW OFFICES OF STEPHEN A EBNER
4766 Park Granada, Suite 206
Calabasas, CA 91302
Tel:  818.591.7990 Fax: 818.591.7781

Attorneys for Plaintiff
REBECCA FLORES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA FLORES,<br><br>        Plaintiff,<br><br>    v.<br><br>WAL-MART STORES, INC.;<br>SAM'S WEST, INC.; AND DOES 1<br>THROUGH 100, INCLUSIVE,<br><br>        Defendants. | Case No. CV11 02743 R (PLAx)<br><br>**<u>DISCOVERY MATTER</u>**<br><br>**JOINT STIPULATED PROTECTIVE<br>ORDER** |

        The parties to this action, Defendant SAM'S WEST, INC. ("Sam's" or "Defendant") and Plaintiff REBECCA FLORES ("Plaintiff") (collectively "the Parties"), by their respective counsel, hereby stipulate and request that the Court enter a mutual protective order pursuant to Fed. R. Civ. P. 26 as follows:

        1.    The Protective Order shall be entered pursuant to the Federal Rules of Civil Procedure.

        2.    The Protective Order shall govern all materials deemed to be

"Confidential Information."   Such Confidential Information shall include the following:

(a)   Any and all documents referring or related to confidential and proprietary human resources or business information; financial records of the Parties; compensation of Defendant's current or former personnel; policies, procedures and/or training materials of  Defendant; and/or Defendant's organizational structure;

(b)   Any documents from the personnel, medical or workers' compensation file of any current or former employee or contractor, specifically including documents from Plaintiff's personnel, medical, and/or workers' compensation files;

(c)   Any documents relating to the medical and/or health information of any of Defendant's current or former employees or contractors, specifically including documents relating to the medical and/or health information of Plaintiff;

(d)   Any portions of depositions (audio or video) where Confidential Information is disclosed or used as exhibits.

3.   In the case of documents and the information contained therein, designation of Confidential Information produced shall be made by placing the following legend on the face of the document and each page so designated "CONFIDENTIAL" or otherwise expressly identified as confidential.  The Parties will use their best efforts to limit the number of documents designated Confidential.

4.   Confidential Information shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall not be disclosed to any person who is not a qualified recipient.  All produced Confidential Information shall be carefully maintained so as to preclude access by persons who are not qualified recipients.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4812-3497-8058 v1                                         - 2 -

JOINT STIPULATED PROTECTIVE ORDER

5.      Qualified recipients shall include only the following:

(a)      In-house counsel and law firms for each party and the secretarial, clerical and paralegal staff of each;

(b)      Deposition notaries and staff;

(c)      Persons other than legal counsel who have been retained or specially employed by a party as an expert witness for purposes of this lawsuit or to perform investigative work or fact research;

(d)      Deponents during the course of their depositions or potential witnesses of this case; and

(e)      The Parties to this litigation, their officers and professional employees.

6.      Each counsel shall be responsible for providing notice of the Protective Order and the terms therein to persons to whom they disclose "Confidential Information," as defined by the terms of the Protective Order.

Persons to whom confidential information is shown shall be informed of the terms of this Order and advised that its breach may be punished or sanctioned as contempt of the Court.   Such deponents may be shown Confidential materials during their deposition but shall not be permitted to keep copies of said Confidential materials nor any portion of the deposition transcript reflecting the Confidential Information.

If either Party objects to the claims that information should be deemed Confidential, that Party's counsel shall inform opposing counsel in writing within thirty (30) days of receipt of the Confidential materials that the information should not be so deemed, and the parties shall attempt first to dispose of such disputes in good faith and on an informal basis.   If the Parties are unable to resolve their dispute, they may present a motion to the Court objecting to such status.   The information shall continue to have Confidential status during the pendency of any such motion.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4812-3497-8058 v1                                    - 3 -

JOINT STIPULATED PROTECTIVE ORDER

2n

7.     No copies of Confidential Information shall be made except by or on behalf of attorneys of record, in-house counsel or the parties in this action.  Any person making copies of such information shall maintain all copies within their possession or the possession of those entitled to access to such information under the Protective Order.

8.     All information produced in this action, whether deemed Confidential or not, shall be used only for purposes of this litigation and not for any other purpose.

9.     The termination of this action shall not relieve the Parties and persons obligated hereunder from their responsibility to maintain the confidentiality of information designated confidential pursuant to this Order.

10.     Upon termination of this action by entry of a final judgment (inclusive of any appeals or petitions for review), the Parties may request the return of all previously furnished Confidential Information, including any copies thereof, and each person or Party to whom such Confidential Information has been furnished or produced shall be obligated to return it within thirty (30) days of said request. Notwithstanding the aforementioned obligation, counsel for Plaintiff may keep a copy of said documents pursuant to his responsibilities under California Rules of Professional Conduct and/or legal requirements and/or obligations.

11.     Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation or admissibility of any document, material, transcript, or other information.

12.     Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own confidential material as it deems appropriate. Nothing in this Protective Order shall be deemed to restrict in any way any party's own documents or information, or the party's attorneys with respect to that party's

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4812-3497-8058 v1                                    - 4 -

JOINT STIPULATED PROTECTIVE ORDER

1    own documents or information.

2         13.    Nothing in the Protective Order shall be deemed to preclude any Party

3    from seeking and obtaining, on an appropriate showing, a modification of this

4    Order.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4812-3497-8058 v1                       - 5 -

JOINT STIPULATED PROTECTIVE ORDER

1 | Dated: July _____, 2011

BURKE, WILLIAMS & SORENSEN, LLP

2

3 | By:_____
        Raymond E. Hane III
4 |      Malaika L. Clements
        Attorneys for Defendants
5 |      WAL-MART STORES, INC., SAM'S
        WEST, INC.
6

7 | Dated: July ___, 2011

LAW OFFICES OF STEPHEN A. EBNER

8 | By:_____
9 |      Stephen A. Ebner
        Attorney for Plaintiff
10 |     REBECCA FLORES

11

12 | **PURSUANT TO STIPULATION, IT IS SO ORDERED**

13

14

Dated: _August 9, 2011_

15 | By:_____

Honorable Manuel Real
16 | United States District Court Judge
Central District of California

17

18

19

20

21

22

23

24

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4812-3497-8058 v1                     - 1 -

JOINT STIPULATED PROTECTIVE ORDER